IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE PRUDE,

                         Plaintiff,                                    OPINION and ORDER

          v.
                                                                        24-cv-338-jdp
SARAH COOPER,

                         Defendant.

---

Terrance Prude, proceeding without counsel, is incarcerated at Wisconsin Secure Program Facility. Prude filed this lawsuit alleging that prison staff confiscated a check for $10,000 sent to him by a lawyer and deposited those funds into the state general fund. His allegations relate to those he brought in another case in this court; Magistrate Judge Stephen Crocker recently dismissed that case because of Prude's misconduct, finding that Prude fraudulently altered prison documents that he attempted to use as evidence in that case and then fabricated backdated correspondence to conceal his forgeries. *Prude v. Meli*, No. 17-cv-336-slc, 2024 WL 3858836, at *1 (W.D. Wis. Aug. 19, 2024). Following dismissal of the '336 case, Prude voluntarily dismissed this case. But I must still address Prude's misconduct in this court.

Dismissal of the '336 case was about as serious of a sanction as Magistrate Judge Crocker had the authority to issue in a case that the parties have consented him to hear. He noted that a litigation bar would be appropriate but that he lacked the power to issue one. *Id.* at *13. As a district judge, I have additional authority "to preserve the integrity of [this court's] proceedings." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) ("A district court has inherent power to sanction a party who 'has willfully abused the judicial process or

otherwise conducted litigation in bad faith.'" (quoting *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009))). Magistrate Judge Crocker lays out in detail the egregious nature of Prude's misconduct; I incorporate his findings into this order.

Prude's misconduct both in fabricating evidence and in attempting to conceal those fabrications with additional forged evidence drained the resources of the court, the Wisconsin Department of Justice, and the Department of Corrections. I agree with Magistrate Judge Crocker that Prude's misconduct requires a greater sanction than dismissal of the '336 case.

When necessary, federal courts have the power to impose a filing bar to restrict a plaintiff's ability to file new lawsuits. *See In re LFG*, 104 F. App'x 571, 574 (7th Cir. 2004) (filing bar for party who made unauthorized filings in another person's case); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (filing bar for pro se party who continued to file false evidence and did not respond to monetary sanctions). I conclude that it is appropriate to fully bar Prude from litigating civil rights lawsuits for a period of time; I will issue a filing bar that does not include an imminent-danger exception for civil suits. *See Lindsey v. Hoem*, No. 19-3278, 2020 WL 1514856 (7th Cir. Mar. 30, 2020) (citing *Mack* as authorizing such a filing bar). Accordingly, the only cases that Prude may file in this court are habeas corpus petitions relating to his criminal convictions. Any civil lawsuit that Prude files will be docketed and summarily dismissed. After two years, Prude may file a motion asking me to lift or modify this filing bar.

ORDER

IT IS ORDERED that plaintiff is sanctioned as set forth in the opinion above.

Entered October 25, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge